IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY CUTTS, | ) FILED: MAY 20, 2009 |
| | ) 09CV3057 |
| Plaintiff, | ) JUDGE KENNELLY |
| | ) MAGISTRATE JUDGE KEYS |
| vs. | ) BR |
| NCO FINANCIAL SYSTEMS, INC. | ) |
| Defendant. | ) |

## COMPLAINT

### MATTERS COMMON TO MULTIPLE CLAIMS

#### INTRODUCTION

1. Plaintiff Tracey Cutts brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

## PARTIES

6. Plaintiff Tracey Cutts is an individual who resides in the Northern District of Illinois.

7. Defendant NCO Financial Systems, Inc. is a corporation with principal offices located in Pennsylvania. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. NCO Financial Systems, Inc. is a collection agency subject to the ICAA.

10. NCO Financial Systems, Inc. is a debt collector under the FDCPA.

## FACTS

11. Defendant has been attempting to collect from plaintiff a purported debt incurred for personal, family or household purposes and not for business purposes.

12. In late April 2009, defendant's representative left the following message on a voicemail at plaintiff's place of employment:

> **. . . NCO Financial Systems. The law requires us to notify you we're calling from NCO, a debt collection company. This is an attempt to collect a debt.**

> **Any information will be used for that purpose.  Please return our phone call at 1-866-524-8711 extension 1645 reference number 4F5RU8 when calling back.  And again, our number 1-866-524-8711 extension 1645.  Thank you.**

13. The number 866-524-8711 is issued to defendant.

14. The voicemail at which the message was left is answered by an announcement that the caller has reached the "IT Department."

15. A person reaching that voicemail has absolutely no reason to believe that the call will be received only by the plaintiff or that the "IT Department" consists of only one person and that such person is the plaintiff.

16. In fact, the message was retrieved by one of plaintiff's coworkers, who returned the call.  The NCO representative whom she reached assumed, without inquiring, that the caller was plaintiff and began discussing the debt with the coworker, identifying plaintiff as the supposed debtor.

17. As a result, NCO published information about the alleged debt to plaintiff's coworker.

18. Plaintiff learned of this disclosure and was embarrassed and humiliated as a result.

19. Defendant's conduct involved reckless or intentional indifference to plaintiff's privacy rights.

### COUNT I – FDCPA

20. Plaintiff incorporates paragraphs 1-19.

21. Defendant's telephone messages violated 15 U.S.C. §1692c.

22. Section 1692c provides:

> **§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial**

**remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

23. Plaintiff incorporates paragraphs 1-19.

24. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

25. Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

26. Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

27. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

      28.    Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    (1)    Compensatory and punitive damages;

    (2)    Costs.

    (3)    Such other and further relief as is appropriate.


    /s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

        Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

        /s/ Daniel A.Edelman
        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)